```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

Chukwuma E. Azubuko,            :
        Plaintiff,              :
                                :
        v.                      :       File No. 1:08-CV-126
                                :
McDonald's Corporation          :
(Owner of Store Number          :
17463),                         :
        Defendant.              :
```

OPINION AND ORDER
(Paper 1)

Plaintiff Chukwuma Azubuko, proceeding *pro se*, seeks to hold the owner of a McDonald's restaurant liable for the conduct of restaurant employees.  Pending before the Court is Azubuko's motion to proceed *in forma pauperis*.  Because Azubuko's motion meets the financial requirements of 28 U.S.C. § 1915, his motion (Paper 1) is GRANTED.  After reviewing Azubuko's claims, however, and for reasons set forth more fully below, the complaint is DISMISSED for lack of federal jurisdiction.

When a court reviews an application to proceed *in forma pauperis*, 28 U.S.C. § 1915 mandates that it conduct an initial screening to ensure that the complaint has a legal basis.  See 28 U.S.C. §§ 1915(e)(2), 1915A(a) & (b).  A court must dismiss the complaint *sua sponte* if it determines that the allegations of poverty are untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be

1

granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A(b).

In this case, Azubuko claims that on September 17, 2006, while he was buying food in a McDonald's restaurant in Roxbury, Massachusetts, restaurant employees witnessed computer diskettes and a brief case being stolen from his car. Because he was not notified of the theft while it was occurring, Azubuko allegedly lodged a complaint with a restaurant supervisor and with the McDonald's Corporation.

The complaint brings a range of causes of action, including breach of duty of care, bad faith, intentional infliction of emotional distress, negligence, and a claim entitled "impact rule."  The only federal claim listed in the complaint is "deprivation of liberty of contract" under the Fifth and Fourteenth Amendments, with a reference to 42 U.S.C. § 1981.  This portion of the complaint, however, includes no supporting facts.  The cause of action cites John Locke, Henry James and other luminaries, but fails to explain how liberty of contract rights pertain to a dispute between a customer and a McDonald's store.  Moreover, the complaint offers no factual basis for a claim of racial discrimination under § 1981.  42 U.S.C. § 1981; see Gen. Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 391 (1982).  Consequently, the Court finds that this count is frivolous.  Absent a viable

federal claim, the complaint does not present a basis for federal subject matter jurisdiction under 28 U.S.C. § 1331.

Diversity jurisdiction is equally absent.  Azubuko resides in Boston, Massachusetts.  The defendant, the restaurant's owner, is identified in the complaint as also being a resident of Boston.  Therefore, there is no diversity of citizenship under 28 U.S.C. § 1332.

"In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." Marcus v. AT&T Corp. 138 F.3d 46, 57 (2d Cir. 1998); see 28 U.S.C. § 1367(c)(3).  Azubuko's federal cause of action is DISMISSED pursuant to the Court's review power under 28 U.S.C. § 1915, and the Court declines to exercise supplemental jurisdiction over his state law claims.  This case is DISMISSED for lack of jurisdiction.

The Court is compelled to note the plaintiff's history of abusive litigation practices.  One recent court found that Azubuko has filed a "total of 233 actions nationwide in various federal district and appellate courts."  Azubuko v. Sandofsky, 2008 WL 1991091, at *2 (E.D.N.Y. May 5, 2008).  In Massachusetts, "Azubuko has been enjoined from filing civil actions in the United States District Court for the District of Massachusetts as a result of his vexatious filing practices there."  Azubuko v. Massachusetts' Lawyers Weekly, 2006 WL

3454852, at *3 (D.N.H. Nov. 28, 2006) (citation omitted).  "In an effort to circumvent the filing restrictions placed upon him by the United States District Court for the District of Massachusetts," he has filed actions in the Districts of Florida, Georgia, Louisiana, Delaware, Michigan, New Hampshire, and now this Court.  Id.  Azubuko has been warned by the Second Circuit Court of Appeals that "any future frivolous filings [there] may result in sanctions, which may include monetary sanctions or prohibition from further filings of this Court."  Azubuko v. Giorlandino, 2000 WL 553184, at *1 (2d Cir. May 2, 2000).

In most cases, courts will grant *pro se* plaintiffs at least one opportunity to amend their complaints.  However, if amending would be futile, courts should refrain from granting such relief.  Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).  In light of Azubuko's extensive litigation history, and the clear lack of federal jurisdiction, the Court will not grant him leave to amend.  "The court must conserve its time and resources, which are more properly devoted to legitimate litigants and their claims."  Azubuko v. Judges of the United States Court of Appeals for the First Circuit, 2008 WL 1990829, at *3 (E.D.N.Y. May 2, 2008).

For the reasons set forth above, Azubuko's motion to proceed *in forma pauperis* (Paper 1) is GRANTED, and the

complaint is DISMISSED.  The Court certifies that any appeal from this Order would not be taken in good faith because such an appeal would be frivolous.

    SO ORDERED.

    Dated at Brattleboro, in the District of Vermont, this 17th day of June, 2008.

                                        /s/ J. Garvan Murtha
                                        J. Garvan Murtha
                                        United States District Judge