```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT
```

Chukwuma Azubuko,                    :
        Plaintiff,                   :
                                     :
    v.                               :    File No. 1:08-cv-126-jgm
                                     :
McDonald's Corporation               :
(Owner of Store Number               :
17463),                              :
        Defendant.                   :

<u>ORDER</u>
(Doc. 19)

Plaintiff Chukwuma Azubuko, proceeding *pro se*, filed this action in June 2008 seeking to hold the owner of a McDonald's restaurant liable for the conduct of restaurant employees. The Court dismissed the case for lack of subject matter jurisdiction, and on August 13, 2008, the United States Courts of Appeals for the Second Circuit denied Azubuko's motion for leave to file an appeal.

In March 2011, Azubuko moved to re-open the case under Federal Rule of Civil Procedure 60(b).  The motion argued that the Court did, in fact, have subject matter jurisdiction, but offered little in the way of discernable substantive argument. The Court denied Azuboko's motion, as well a motion for reconsideration.  Now before the Court is a second motion for reconsideration.

It is it well settled that "[t]he standard for granting a motion to reconsider is strict, and reconsideration will generally be denied unless the moving party can point to

controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "A motion to reconsider should not be granted to relitigate an issue already decided." Id. "'Motions for reconsideration must be narrowly construed and the standard strictly applied to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court, to ensure finality, and to prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters.'" Lewis v. Rosenfeld, 145 F. Supp. 2d 341, 343 (S.D.N.Y. 2001) (quoting Ackoff-Ortega v. Windswept Pac. Entm't Co., 130 F. Supp. 2d 440, 443 (S.D.N.Y. 2000)).

Here, Azubuko's second motion for reconsideration does not point to any controlling decisions or information that the Court overlooked. His second motion for reconsideration (Doc. 19) is therefore DENIED.

The Court further notes Azubuko has been warned that any "frivolous or vexatious" filings may be met with sanctions, and future filings of any sort will not be permitted without prior leave of court. See Azubuko v. Liberty Mutual Ins. Co., Case No. 1:09-cv-6, slip op. at

2

3, (D. Vt. Jan. 23, 2009).  This warning is now reiterated.  In particular, any further motions for reconsideration or relief from judgment in this case that are deemed to be "frivolous or vexatious" likely will be met with a substantial monetary sanction.

    SO ORDERED.

    Dated at Brattleboro, in the District of Vermont, this 12th day of August, 2011.

    /s/ J. Garvan Murtha
    Honorable J. Garvan Murtha
    United States District Judge